**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-03-1167-PHX-DGC |
| Plaintiff, | )<br>)<br>) | **ORDER** |
| vs. | )<br>) | |
| Robert J. Johnston, et al., | )<br>) | |
| Defendants. | )<br>) | |

Defendants have filed a motion to dismiss based on the Government's failure to comply with its disclosure obligations. Doc. #1015. The Government has filed a response. Doc. #1075. Defendants have replied. Doc. #1093. The issues raised by this motion were discussed with counsel at the thirteenth case management conference held on January 19, 2006.

**I.  Background.**

Defendants' motion identifies a large number of omissions in the Government's production of the Laughlin videotapes. Doc. #1015. The Government responds to each alleged omission, arguing that the evidence in question was either produced to Defendants in February of 2004 and again in 2005, or that the omissions were corrected promptly when communicated to counsel for the Government. Doc. #1075. The Government contends that a few of the items were requested for the first time in Defendants' motion to dismiss and will be produced promptly. *Id.*

Defendants' reply does not disagree with the Government's assertions regarding previous production. Defendants instead argue that the Government has repeatedly failed to comply with Rule 16 and this Court's orders and that the charges therefore should be dismissed. Doc. #1093. The Court addressed outstanding discovery issues at the thirteenth case management conference and ordered the Government to provide additional discovery by specific dates.

**II.    Relevant Law.**

Ninth Circuit law identifies two sources of authority for dismissing criminal charges on the basis of Government misconduct. The first arises from the Due Process Clause of the Fifth Amendment and is warranted when the Government engages in outrageous conduct. "'The defense of outrageous government conduct is limited to extreme cases[.]'" *United States v. Fernandez*, 388 F.3d 1099, 1238 (9th Cir. 2004) (citing *United States v. Gurolla*, 333 F.3d 944, 950 (9th Cir. 2003)). The Government's misconduct must be "so grossly shocking and outrageous as to violate the universal sense of justice." *United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993); *see Fernandez*, 388 F.3d at 1238. Examples include cases where the Government has engineered and directed a criminal enterprise from start to finish or the police have used brutal physical and psychological coercion against a defendant. *Id*. In addition to shocking and outrageous Government misbehavior, a defendant must show that the misconduct prejudiced his defense. *See United States v. Rogers*, 751 F.2d 1074, 1077 (9th Cir. 1985).

The second source of authority is the Court's supervisory powers. "A court may exercise its supervisory powers to dismiss an indictment in response to outrageous government conduct that falls short of a due process violation." *United States v. Ross*, 372 F.3d 1097, 1109 (9th Cir. 2004); *see Fernandez*, 388 F.3d at 1239. Dismissal on this basis requires "flagrant misbehavior" by the prosecutor and "substantial prejudice" to the defendant. *Kearns*, 5 F.3d at 1254; *see Ross*, 372 F.3d at 1010; *Fernandez*, 388 F.3d at 1239; Fed. R. Crim. P. 52(a); *Bank of Novia Scotia v. United States*, 487 U.S. 250, 255-56 (1988) ("[A] district court exceeds its powers in dismissing an indictment for prosecutorial

misconduct not prejudicial to the defendant."). Negligence or incompetence by the Government do not suffice. *See Fernandez*, 388 F.3d at 1239 (negligence); *Kearns*, 5 F.3d at 1254 (incompetence).

In short, a defendant "bears a heavy burden" when seeking dismissal of criminal charges based on Government misconduct. *United States v. Venegas*, 800 F.2d 868, 869 (9th Cir. 1986). Dismissal "is an extreme sanction which should be infrequently utilized." *United States v. Owen*, 580 F.2d 365, 367 (9th Cir. 1978).

**III.    Analysis.**

The facts concerning the Government's conduct in this case generally are not in dispute. The dates, contents, and quality of Government disclosures are well known to the parties and the Court. It is no secret that the Court has been dissatisfied with the Government's performance of its Rule 16 disclosure obligations. In an order entered September 14, 2005, the Court found that although "[t]he Government has made voluminous disclosures to defense counsel," "those disclosures have been sporadic and delayed, often untimely under the Court's schedule, and . . . incomplete." Doc. #813 at 1. The Court found that "[s]tatements made to the Court by counsel for the Government have been inaccurate, inconsistent, and sometimes legally incorrect." *Id*.

Perhaps not unexpectedly, Defendants have seized upon this order, quoting it repeatedly in briefs and hearings. But the Court's displeasure with the Government's disclosure efforts does not equate to a finding of outrageous or flagrant conduct. The Court made clear that it "has not concluded, and does not intend to suggest, that attorneys for the Government have acted in bad faith." *Id*. at 2. Moreover, since the September 14, 2005 order was entered the Court has noticed a marked increase in the Government's diligence in addressing discovery issues. As recounted in the Government's response (Doc. #1075) and not disputed by Defendants (Doc. #1093), counsel for the Government have sought to respond promptly to production problems identified by Defendants since October. This does not excuse the Government's previous lapses, but it supports the Court's conclusion that the Government has not engaged in outrageous or flagrant

conduct.

The Court will not hold an evidentiary hearing to evaluate the Government's misconduct as requested by Defendants. The Court is well aware of the Government's shortcomings in this case. The Court has held thirteen case management conferences, most devoted to discovery issues, has resolved literally hundreds of discovery disagreements between the parties, and has entered scores of pages of discovery orders. The Court's September 14, 2005 order was based on its experience in these proceedings and was entered *sua sponte*, without request by Defendants.

The Ninth Circuit has held that a court should not impose a sanction harsher than necessary to accomplish the goals of Rule 16. *See United States v. Gee*, 695 F.2d 1165, 1169 (9th Cir. 1983). Rule 16(d)(2) authorizes the Court to take a number of actions in response to the Government's failure to comply with its disclosure obligations, including ordering that discovery be provided (specifying the time, place, and manner of its disclosure) and granting continuances. Fed. R. Crim. P. 16(d)(2)(A)-(B). The Court has done both in this case. The Ninth Circuit has noted that other sanctions may be appropriate, such as publicly noting the Government's errors and calling the prosecutor to account. *Ross*, 372 F.3d at 1111-12. The Court took this step in its September 14, 2005 order. Rule 16(d)(2)(C) further provides that the Court may preclude the Government from using evidence at trial, and Rule 16(d)(2)(D) authorizes the Court to enter "any other order that is just under the circumstances." These remedies remain available if Defendants demonstrate that they have been prejudiced by the Government's late disclosures.

Although the Court has found errors in the Government's handling of this case and has taken appropriate actions, Defendants have not shown, and the Court does not find, that the Government's conduct has been "so grossly shocking and outrageous as to violate the universal sense of justice." *Kearns*, 5 F.3d at 1253. Nor does the Court find that the Government's has engaged in "flagrant misbehavior." *Id*. at 1254. Even if the Government's disclosure efforts in this case might at times be characterized as negligent or incompetent, such conduct does not warrant dismissal under Ninth Circuit law. *See*

*Fernandez*, 388 F.3d at 1239; *Kearns*, 5 F.3d at 1254.

Moreover, Defendants' motion and reply do not address the requirement of prejudice. Defendants instead focus solely on the Government's misconduct. *See* Docs. ##1015, 1093. As the law makes clear, however, misconduct without prejudice cannot result in dismissal. *See Rogers*, 751 F.2d at 1077; *Fernandez*, 388 F.3d at 1239; Fed. R. Crim. Pro. 52(a); *Bank of Novia Scotia*, 487 U.S. at 255-56.

Because the criteria for dismissal under the Due Process Clause and the Court's supervisory powers have not been satisfied, the Court will deny Defendants' motion to dismiss. As stated at the thirteenth case management conference, this order will not preclude Defendants from challenging the admissibility of evidence or seeking other relief on the basis of untimely Government disclosures. Such relief can be sought through the pretrial evidentiary procedures set forth in the Court's other orders.[1]

**IT IS ORDERED** that Defendants' motion to dismiss regarding Laughlin videotape evidence (Doc. #1015) is **denied**.

DATED this 27th day of January, 2006.

David G. Campbell
United States District Judge

---

[1] On January 6, 2006, the Government filed a notice stating that its counsel recently had learned of recordings and documents that had not previously been known to counsel. *See* Doc. #1027. The Government has asked the Court, in an *ex parte* application, to grant a protective order with respect to this information under Rule 16(d)(1) and order that it be disclosed with other information already subject to protective orders. *See* Doc. #1056. The Court recognizes that Defendants are not familiar with these recordings and documents or the circumstances under which they were created, maintained, and discovered. When the recordings and documents are disclosed to Defendants, the Court also will require the Government to disclose the circumstances under which they were created, maintained, and discovered so Defendants may make appropriate motions, if any.

- 5 -