**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-03-1167-PHX-DGC |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Robert J. Johnston, et al., ) | |
| Defendants. ) | |

The Court held hearings on February 8 and 9, 2006, including a fourteenth case management conference. *See* Doc. #1130. All parties (other than Defendants Eischeid and Walters, who currently are fugitives), were represented by counsel, either by their own attorney or by an attorney covering the hearing for them. The presence of all non-attending Defendants was waived. On the basis of this conference,

**IT IS ORDERED:**

1. A fifteenth case management conference will be held on **March 17, 2006 at 2:00 p.m.**

2. The parties shall file a joint case management report addressing any outstanding discovery issues and other issues the parties believe should be addressed at the fifteenth case management conference by **March 15, 2006**.

3. The Court presented a proposed juror questionnaire to the parties based on proposals made in a joint filing. *See* Doc. #1139. After a day's review, the Court heard the parties' comments on the proposed questionnaire. On the basis of these comments, the Court

will issue a final questionnaire to be mailed to prospective jurors. This questionnaire will be attached to a separate order. With the agreement of the parties, the Court decided that the juror questionnaire should be mailed to 1,200 prospective jurors.

4. On or before February 17, 2006, the Government shall file a memorandum setting forth its position on whether the prospective jurors and jurors should be anonymous. Defendants shall file a response on or before **March 3, 2006**. When the Government files its memorandum on **February 17, 2006**, it shall address Defendants' argument that sealed *ex parte* memoranda submitted in support of protective orders pursuant to Rule 16(d) (Docs. ##800, 1061, 1174) should be disclosed to Defendants when the information subject to the Court's protective orders is disclosed. Defendants shall respond in their memorandum of March 3, 2006.

5. Pursuant to the Court's order setting forth procedures for jury selection (Doc. #1013), the Court reviewed responses received from prospective jurors whom the jury office had tentatively decided to excuse for hardship, but as to whom Defendants had raised objections. The Court agreed with a number of Defendants' objections, discussed other prospective jurors on the record with counsel, and identified on the record the prospective jurors who would be excused for hardship and those who will be required to complete jury questionnaires. The Court will continue to follow the procedures set forth in the order regarding jury selection. Doc. #1013.

6. On February 9, 2006, the Court heard testimony from Detective Susuras and Agent Worrell. *See* Doc. #1159. Following the testimony, counsel for Defendants Johnston and Smith argued that the Court should dismiss the Second Superceding Indictment on the basis of the Government's repeated failure to comply with its discovery obligations. Alternatively, counsel for Defendant Johnston argued that the Court should order the Government to produce the "couple of dozen" surveillance video tapes testified to by Detective Susuras. The Court will address Defendant Johnston's and Defendant Smith's dismissal arguments when ruling on Defendant Johnston's recently-filed motion for reconsideration. *See* Doc. #1186. In the meantime, the Government is ordered to confirm

again that it has produced all of the surveillance videotapes testified to by Detective Susuras. Specifically, the Government shall have Detective Susuras personally confirm to the United States Attorney's Office, after completing a personal review, that all of the surveillance videotapes described during his testimony on February 9, 2006, have been provided to the United States Attorney's Office. The Government should, in turn, confirm that all such videotapes have been produced to Defendants. The Government shall comply with this order on or before **February 24, 2006**.

7. The Court heard extended arguments on motions to sever filed by various Defendants. The Court will consider these arguments in ruling on the motions.

8. The Government informed the Court that it has determined that it will not be possible to produce "demuxed" copies of the 38 Laughlin videotapes to Defendants before trial. The Government is considering what to do in light of this fact. The Court made clear that its order requiring the Government to produce viewable copies of the videotapes to Defendants (Doc. #1130 ¶ 5) has not changed. The Court further ordered the Government to advise Defendants and the Court of its decision regarding production of the videotapes on or before **February 24, 2006**.

9. The Court and parties discussed whether trial in this case should be held in the Special Proceedings Courtroom or Courtroom No. 603. The Court will make a final decision on this issue nearer to trial.

10. The Court and parties discussed the Court's proposal of pre-admitting trial exhibits. *See* Doc. #1173. Defendants and the Government expressed concern about such a procedure. The Court continues to believe, however, that many evidentiary issues can be identified and resolved before trial. As a result, Defendants are directed to include such issues

1  in motions in limine to be filed on or before **March 17, 2006**.  To the extent such motions
2  require evidentiary hearings, the Court will hold such hearings on **April 11-14, 2006**.
3        DATED this 15th day of February, 2006.

*David G. Campbell*
United States District Judge

- 4 -